**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO**

| | |
|---|---|
| RIVET AND RIDGE LLC and SEAN ENGLISH,<br><br>Plaintiffs,<br><br>v.<br><br>CANIDIUM LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  1:26-cv-2592

**COMPLAINT**

Plaintiffs Rivet and Ridge LLC ("R&R") and Sean English ("Mr. English"), for their causes of action against Defendant Canidium LLC ("Canidium"), allege and state as follows:

**INTRODUCTION**

1.     From August of 2025 through February of 2026, Defendant Canidium engaged Plaintiff Sean English and personnel from his company, Plaintiff R&R, to work on a revenue cloud implementation project for one of Canidium's clients. Mr. English and the R&R personnel performed the requested work and received no complaints from Canidium as to the quality or timeliness of the final product. Nonetheless, when the invoices came due, Canidium simply refused to pay for these services.

2.     But Canidium did not stop there. Rather than paying for the work performed, Canidium decided to badmouth Mr. English and R&R to one of their primary referral sources, falsely claiming that Mr. English and R&R had fraudulently invoiced Canidium for hours of R&R personnel that Canidium had not authorized to work on the project. As a result of Canidium's false and defamatory statements, the referral source has ceased doing business with Mr. English and R&R, to the great financial detriment of both Mr. English and R&R. Mr. English and R&R hereby seek damages to compensate for Canidium's breach of contract and tortious conduct.

**THE PARTIES, JURISDICTION, AND VENUE**

3.    R&R is a limited liability company organized and existing under the laws of Delaware. R&R's two Members, Mr. English and Becky Willis, reside in Texas and Pennsylvania, respectively.

4.    Mr. English is an individual residing in McKinney, Texas. He is a Member and Manager of R&R.

5.    Canidium is a limited liability company with its principal place of business in Fort Collins, Colorado.

6.    Because Canidium's principal place of business is located in Colorado, this Court has personal jurisdiction over Canidium. Further, venue is proper under 28 U.S.C. § 1391(b)(1).

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

**FACTUAL BACKGROUND**

8.    Mr. English is a Salesforce consultant, focusing on developing revenue operations solutions for his customers using the Salesforce web platform.

9.    In October of 2025, Mr. English and his business partner, Becky Willis, founded R&R to continue this work.

10.    As part of their business, R&R and Mr. English work with staffing intermediaries like Investigo LLC ("Investigo"), which connects technical consultants like R&R with clients in need of Salesforce platform expertise.

11.    It was through Investigo and its Independent Contractor Supplier, CKB Enterprises, LLC ("CKB"), that Mr. English and R&R first came in contact with Canidium.

2

12. Specifically, on August 22, 2025, Mr. English entered into a Self-Bill Agreement with CKB on behalf of Investigo, whereby Mr. English agreed to furnish services to Canidium as a Salesforce Revenue Cloud Solutions Architect for the period from August 25, 2025 to December 31, 2025.

13. Canidium was obviously pleased with the work that Mr. English performed.

14. As early as September of 2025, Canidium stated to Investigo that they "had a really great experience with Sean English so far, so we want to increase his hours on the project and utilize him through the whole engagement."

15. On January 29, 2026, Canidium entered into a direct Corp to Corp Employment Agreement with R&R.

16. Under this new agreement, R&R agreed to provide Canidium with the services of Brandon Poirier on the Sharetec Revenue Cloud Implementation Project (the "Sharetec Project") for the period from February 2, 2026 to February 28, 2026.

17. However, at Canidium's request, R&R's engagement quickly expanded beyond the services of just Brandon Poirier.

18. On or about February 18, 2026, John Clarkson of Canidium expressly authorized R&R to mobilize a team, including Becky Willis, Chris Lockley, and Jake Smith, on the Sharetec Project.

19. Mr. Clarkson specifically instructed Mr. English to bill the hours of these other R&R personnel as hours of Mr. English.

20. Additionally, on February 27, 2026, Canidium extended Mr. English's direct contract with Canidium at a higher hourly rate.

21.     Canidium personnel repeatedly acknowledged and encouraged the active participation of the R&R team on the Sharetec Project.

22.     For example, during the week of February 23, 2026, Mr. English made multiple presentations regarding the R&R team's progress on the Sharetec Project to members of Canidium's management, including Jordan Sewell, Amanda Levitt, and Jake Mismas. These managers voiced no objection to involvement of the expanded R&R team in the Sharetec Project.

23.     Also, on March 4, 2026, Jackie Kurtz requested a W-9 and bank details for R&R so that it could be set up as a vendor in Canidium's internal accounts payable system. Again, Ms. Kurtz stated no objection to the involvement of the R&R team on the Sharetec Project.

24.     Then, on March 5, 2026, Leta Gail Doerr, Canidium's Vice President of Client Success, again acknowledged the engagement of the R&R team and requested the submission of a separate invoice for the team's hours.

25.     In short, Canidium expressly and repeatedly authorized Mr. English and the entire R&R team to work on the Sharetec Project.

26.     On or about February 16, 2026, R&R issued Invoice No. RR-0019 to Canidium in the amount of $6,450. This invoice covered hours worked by Brandon Poirier on the Sharetec Project during the period from February 1, 2026 to February 15, 2026. A true and correct copy of Invoice No. RR-0019 is attached hereto as **Exhibit 1**.

27.     On or about February 27, 2026, R&R issued Invoice No. RR-0025 to Canidium in the amount of $12,875. This invoice covered hours worked by Becky Willis, Chris Lockley, and Jake Smith on the Sharetec Project from February 17, 2026 to February 20, 2026, along with additional hours worked by Brandon Poirier. A true and correct copy of Invoice No. RR-0025 is attached hereto as **Exhibit 2**.

4

28.    Both of these R&R invoices are past due.

29.    Canidium has failed and refused to pay the amounts due on these invoices.

30.    Instead, Canidium falsely stated to Investigo that Mr. English and R&R engaged in fraud by charging Canidium for hours worked by R&R personnel without Canidium's knowledge or consent.

31.    This statement was false, as Canidium's management expressly authorized the R&R team to work on the Sharetec Project and instructed R&R to bill team members' hours as hours worked by Mr. English.

32.    Canidium's false statements about Mr. English and R&R have irreparably damaged their relationships with Investigo.

33.    As a direct result of Canidium's false statements, Investigo ceased referring engagements to Mr. English and R&R.

34.    Mr. English and R&R had established business expectancies in their relationships with Investigo.

35.    Mr. English and R&R generated more than $89,000 in revenue through Investigo referrals in 2025 and more than $117,000 through such referrals in 2026.

36.    Additionally, prior to Canidium's false statements, Mr. English and R&R had a documented pipeline of projects through Investigo that would have generated more than $680,000 through the rest of 2026.

### COUNT I – BREACH OF CONTRACT

37.    Plaintiffs incorporate Paragraphs 1 through 36 above as if fully set forth herein.

38.    The January 29, 2026 Corp to Corp Employment Agreement between Canidium and R&R was a valid and binding written contract for the performance of services by Brandon Poirier on the Sharetec Project.

39.    Canidium and R&R entered into a valid and binding oral contract when Canidium requested and authorized other R&R personnel, including at least Becky Willis, Chris Lockley, and Jake Smith, to perform services on the Sharetec Project and when those personnel actually performed those services.

40.    R&R performed all of its obligations under these contracts.

41.    Canidium breached these contracts by failing and refusing to pay amounts due to R&R under these contracts.

42.    R&R has suffered damages as a direct and proximate result of Canidium's breach of these contracts, including at least the $19,325 that remains unpaid on R&R's invoices to Canidium.

## COUNT II – QUANTUM MERUIT

43.    Plaintiffs incorporate Paragraphs 1 through 36 above as if fully set forth herein.

44.    Through its personnel, R&R rendered valuable services for Canidium.

45.    Canidium accepted, used, and enjoyed those services.

46.    Further, Canidium had reasonable notice that R&R expected to be paid for those services.

47.    Canidium has failed and refused to compensate R&R for those services.

48.    As a result, R&R is entitled to damages in the amount of the fair market value of the services that R&R and its personnel rendered to Canidium.

6

## COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

49. Plaintiffs incorporate Paragraphs 1 through 48 above as if fully set forth herein.

50. Mr. English and R&R had business expectancies in their established relationships with their largest referral source, Investigo.

51. Canidium knew about the business expectancies that Mr. English and R&R had in their relationships with Investigo. In fact, Canidium came into contact with Mr. English and R&R through Investigo's role as a referral source.

52. Canidium intentionally and maliciously interfered with Plaintiffs' business expectancies in their relationships with Investigo by actions including, but not limited to, falsely stating to Investigo that Mr. English and R&R engaged in fraud by charging Canidium for hours worked by R&R personnel without Canidium's knowledge or consent.

53. Canidium's interference with Plaintiffs' business expectancies was not justified, privileged, or excusable.

54. As a direct result of Canidium's tortious interference, Plaintiffs have sustained damages, including, but not limited to, the loss of committed and anticipated future revenues resulting from their relationships with Investigo, in an amount to be proved at trial.

## COUNT IV – DEFAMATION

55. Plaintiffs incorporate Paragraphs 1 through 54 above as if fully set forth herein.

56. Canidium stated to Investigo that Mr. English and R&R engaged in fraud by charging Canidium for hours worked by R&R personnel without Canidium's knowledge or consent.

57. This statement was false.

58. This statement was not privileged.

59. This statement related to and concerned Mr. English and R&R.

60. Canidium communicated this defamatory statement to at least one third party—*i.e.*, Investigo.

61. Canidium knew the statement was false or acted with reckless disregard for its truth or falsity when it communicated the statement to Investigo. At a minimum, Canidium was reckless in verifying the truth of the statement before communicating it.

62. This statement constitutes defamation *per se*, as the defamatory statement alleges professional misconduct that would damage the trade, business, and/or professional reputations of Mr. English and R&R.

63. The statement also caused actual damage to the business reputations of Mr. English and R&R.

64. Further, the defamatory statement directly resulted in the loss of committed and anticipated future revenues resulting from Plaintiffs' relationships with Investigo, in an amount to be proved at trial.

WHEREFORE, Plaintiffs Sean English and Rivet and Ridge LLC respectfully request that this Court enter Judgment in their favor and against Defendant Canidium LLC and grant Sean English and Rivet and Ridge LLC:

A. Damages in an amount to be proved at trial;

B. Punitive damages;

C. Costs and expenses incurred in connection with this action, including, but not limited to, reasonable attorneys' fees; and

D. Such other and further relief as this Court deems just and proper.

8

9

Respectfully submitted,

/s/*Joshua D. Burns*
Joshua D. Burns, OBA #32967
Drew T. Palmer, OBA #21317



1109 N. Bryant Avenue, Suite 100
Edmond, OK 73034
(405) 456-0076
josh@silverline.legal
drew@silverline.legal

**ATTORNEY FOR PLAINTIFFS RIVET AND
RIDGE LLC AND SEAN ENGLISH**