**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| RIVET AND RIDGE LLC and | ) | |
| SEAN ENGLISH, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:26-cv-2592-KAS |
| | ) | |
| v. | ) | |
| | ) | |
| CANIDIUM LLC, | ) | |
| | ) | |
| Defendant. | ) | |

---

**PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND
TO DEFENDANT'S MOTION TO STAY LITIGATION [#14]**

Plaintiffs Rivet and Ridge LLC ("R&R") and Sean English (together, "Plaintiffs"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 6(b)(1)(A) and D.C.COLO.LCivR 6.1(b), respectfully move the Court for a fourteen (14) day extension of time, to and including August 17, 2026, within which to file their response to Defendant's Motion to Stay Litigation Pending Completion of Mandatory Alternative Dispute Resolution Procedure [#14] (the "Motion to Stay"). In support of this Motion, Plaintiffs state as follows:

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1(a)**

Undersigned counsel conferred with counsel for Defendant, Jody N. Duvall, by telephone and electronic mail on July 28, 2026, regarding the relief requested in this Motion. Counsel for Defendant confirmed the same day that Defendant has no objection to the requested extension. This Motion is therefore unopposed.

1

## GROUNDS FOR REQUESTED EXTENSION

1.    On July 13, 2026, Defendant Canidium LLC filed its Motion to Stay [#14], together with five supporting exhibits [##14-1 through 14-5], seeking a stay of this litigation in its entirety pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, and the Court's inherent authority, pending completion of a multi-step alternative dispute resolution procedure contained in an agreement alleged to exist between Defendant and Plaintiff R&R.

2.    Plaintiffs' response to the Motion to Stay is presently due on August 3, 2026. *See* D.C.COLO.LCivR 7.1(d).

3.    Plaintiffs request a fourteen (14) day extension of that deadline, to and including August 17, 2026.

4.    Good cause supports the requested extension. The Motion to Stay presents substantial issues, including:

  a)  the enforceability and scope of the dispute resolution provision on which Defendant relies;

  b)  whether that provision reaches all of Plaintiffs' claims and all parties to this action, including Plaintiffs' tort claims and the claims of Plaintiff Sean English, who is not alleged to be a signatory to the agreement at issue; and

  c)  the proper treatment under 9 U.S.C. § 3 of any claims not subject to arbitration.

The Motion to Stay is further supported by five exhibits containing factual assertions, including assertions concerning a non-party, that Plaintiffs' counsel must investigate in order to respond fully and accurately.

5.    Plaintiffs have been diligent during the time allotted. Counsel commenced legal research and factual investigation promptly after the Motion to Stay was filed and has conferred

with Plaintiffs regarding the issues it raises. Notwithstanding that diligence, additional time is required to complete counsel's investigation of the factual assertions in Defendant's exhibits and to prepare a complete response.

6.  This is Plaintiffs' first request for an extension of time in this action. No extensions of time have previously been requested by, or granted to, any party. See D.C.COLO.LCivR 6.1(b).

7.  The requested extension will not affect any other currently set date, including the August 27, 2026 deadline to file the consent/non-consent form [#11], and the September 10, 2026 Scheduling Conference [#9]. If the requested extension is granted and Defendant files a reply on the last day permitted by D.C.COLO.LCivR 7.1(d), briefing on the Motion to Stay will close no later than August 31, 2026, before the Scheduling Conference.

8.  This Motion is timely. It is filed before the expiration of the current deadline, *see* Fed. R. Civ. P. 6(b)(1)(A), and at least three business days before the operative deadline, *see* Uniform Civil Practice Standards of the United States Magistrate Judges, D.C.COLO.MJ I.7.

9.  The short extension requested will not prejudice Defendant, and Defendant, through counsel, has confirmed that it does not oppose the requested extension. This case remains in its earliest stages: Defendant answered the Complaint on July 13, 2026 [#13], no scheduling order has been entered, and no discovery is pending.

10.  Pursuant to D.C.COLO.LCivR 6.1(c), a copy of this Motion is being served contemporaneously on Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order extending Plaintiffs' deadline to respond to Defendant's Motion to Stay [#14] to and including August 17,

2026, and granting such other and further relief as the Court deems just and proper. A proposed

order is submitted herewith pursuant to D.C.COLO.LCivR 7.1(g).

Respectfully submitted this 28th day of July, 2026.

/s/ Drew T. Palmer
Drew T. Palmer, OBA #21317
Joshua D. Burns, OBA #32967
SILVERLINE LEGAL, PLLC
1109 N. Bryant Avenue, Suite 100
Edmond, OK 73034
(405) 456-0076
drew@silverline.legal
josh@silverline.legal
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of July, 2026, I filed the foregoing with the Clerk of

Court using the CM/ECF system, which will send notification of such filing to the following:

Jody N. Duvall, #49186
COAN, PAYTON & PAYNE, LLC
103 W. Mountain Ave., Suite 200
Fort Collins, CO 80524
jduvall@cp2law.com
*Attorneys for Defendant*

I further certify that a copy of the foregoing was served contemporaneously on Plaintiffs

by electronic mail pursuant to D.C.COLO.LCivR 6.1(c).

/s/ Drew T. Palmer
Drew T. Palmer

4